IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DEMETRIUS SCOBELLITTI, ) | | |
| ) | | |
| Plaintiff(s), ) | No. C 05-3999 CRB (PR) | |
| ) | | |
| vs. ) | ORDER OF DISMISSAL | |
| ) | | |
| CAPT. R. DYER, et al., ) | (Docs # 2 & 4) | |
| ) | | |
| Defendant(s). ) | | |
| ) | | |

Plaintiff, a prisoner at the San Francisco County Jail, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that jail officials refused to believe his claim that another inmate had assaulted him and instead filed disciplinary charges against him for making false claims.

Plaintiff also seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. §

1915A(b). Pro se pleadings must be liberally construed. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

B.  <u>Legal Claims</u>

Plaintiff's allegations are DISMISSED under the authority of § 1915A(b) because it is well-established that a prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. <u>See</u> <u>Sprouse v. Babcock</u>, 870 F.2d 450, 452 (8th Cir. 1989); <u>Freeman v. Rideout</u>, 808 F.2d 949, 951 (2d Cir. 1986). Plaintiff's assertion that prison officials believed another "inmate white boy" and not him does not compel a different conclusion. <u>See, e.g.</u>, <u>More v. Farrier</u>, 984 F.2d 269, 271-72 (8th Cir. 1993) (absent evidence of invidious discrimination, federal courts should defer to judgment of prison officials); <u>Timm v. Gunter</u>, 917 F.2d 1093, 1099 (8th Cir. 1990) (same).

## CONCLUSION

For the foregoing reasons, plaintiff's request to proceed in forma pauperis (docs # 2 & 4) is DENIED and the complaint is DISMISSED for failure to state a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915A(b).

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot, and close the file. No fee is due.

SO ORDERED.

DATED:  October 26, 2005

CHARLES R. BREYER
United States District Judge

2